

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00133-CR

MIGUEL ARCIBA,

                                   **Appellant**

 v.

THE STATE OF TEXAS,

                                   **Appellee**

---

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 31884CR**

---

## ABATEMENT ORDER

---

Appellant, Miguel Arciba, is representing himself in this appeal. Arciba has filed a document entitled, "Appellant's Motion for Access to Appellate Record and Second Extension of Time."

We first address Arciba's motion for extension of time to file his brief. We note that until Arciba gains access to the appellate record, he will not be able to file a compliant brief because his brief could not contain citations to the record as required. *See* TEX. R. APP. P. 38.1(i). Accordingly, Arciba's motion is granted in part. Specifically, the date by

which Arciba must file a brief in this proceeding is stayed. Arciba's brief is due 45 days after the date he obtains access to the record as provided for herein or upon further order of the Court setting a date for the filing of Arciba's brief.

We now turn to Arciba's motion regarding access to a copy of the appellate record, specifically in this case, the clerk's record.[1] The Clerk of this Court is ordered to send a copy of the referenced motion to the State, the trial court, and the trial court clerk with a copy of this Order.

The Rules of Appellate Procedure require the trial court clerk to make a duplicate copy of the clerk's record. TEX. R. APP. P. 34.5(g). "The trial court clerk must retain the copy [ ] for the parties to use with the court's permission." *Id.*

This proceeding is abated to the trial court:

1. So that the trial court can act upon the motion as Arciba's Texas Rule of Appellate Procedure 34.5(g) request to use the duplicate copy of the record in this appeal, *see* TEX. R. APP. P. 34.5(g);

2. So that the trial court can take appropriate action and make appropriate orders to require the creation of, and access to, the duplicate clerk's record in compliance with Texas Rule of Appellate Procedure 34.5(g);

3. So that the trial court, or delegate, may communicate with the Warden, or the Warden's delegate, to determine the method by which the record will be made accessible to Arciba, acting as his own counsel, to assure access to the record by Arciba as necessary for Arciba to conduct research and file a compliant brief; and

4. So that the trial court may conduct any hearing necessary to determine the most effective method to make the record accessible to Arciba.

All of the above must take place within 35 days from the date of this Order.

---

[1] There is no reporter's record for this appeal.

Although the rules contemplate the return of the record after it is used by an appellant so that an appellee may then use the same record, nothing herein should be construed so as to prevent the trial court from ordering a complete copy of the appellate record to be made for Arciba to use and retain. Moreover, nothing herein is intended to restrict the nature or form of the record to a paper copy only.

A supplemental reporter's record and clerk's record for any hearings or orders which are held or made while this proceeding is abated are due within 21 days after the date the hearing is held or order is signed.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Motion for extension granted in part;
Appeal abated
Order issued and filed October 15, 2019
[RWR]

